# ACORD™ GENERAL LIABILITY NOTICE OF OCCURRENCE/CLAIM

**DATE** 11/01/11

| PRODUCER | PHONE (A/C, No, Ext): 615 383-9761 |
|---|---|
| The Crichton Group<br>3011 Armory Drive Suite 250<br>615-383-9761<br>Nashville, TN 37204 | |

| NOTICE OF OCCURRENCE | DATE OF OCCURRENCE AND TIME | AM | DATE OF CLAIM | PREVIOUSLY REPORTED |
|---|---|---|---|---|
| NOTICE OF CLAIM | 10/27/11 | PM | | YES □ NO X |

| EFFECTIVE DATE | EXPIRATION DATE | POLICY TYPE | RETROACTIVE DATE |
|---|---|---|---|
| 09/30/11 | 09/30/12 | OCCURRENCE  CLAIMS MADE | |

| COMPANY | NAIC CODE: | MISCELLANEOUS INFO (Site & location code) |
|---|---|---|
| RSUI Indemnity Company | | |

| CODE: | SUB CODE: | POLICY NUMBER | REFERENCE NUMBER |
|---|---|---|---|
| AGENCY CUSTOMER ID: 13402 | | NHP64315103 | 28884EPLI |

## INSURED

| NAME AND ADDRESS | SOC SEC # OR FEIN: |
|---|---|
| Belle Meade Country Club<br>815 Belle Meade Blvd<br>Nashville, TN 37205 | |

**CONTACT** □ CONTACT INSURED

| NAME AND ADDRESS | WHERE TO CONTACT |
|---|---|
| Troy Cunningham<br>troy.cunningham@bellemeadecc.org | work |
| | **WHEN TO CONTACT** daytime |

| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) 615 312-6412 | RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) 615-312-6412 |
|---|---|---|---|

## OCCURRENCE

| LOCATION OF OCCURRENCE (Include city & state) | Nashville, TN | AUTHORITY CONTACTED |
|---|---|---|

**DESCRIPTION OF OCCURRENCE** (Use separate sheet if necessary): A former employee has filed suit alleging discrimination on several counts. See lawsuit attached. NOTE: THE INSURED HAS REQUESTED TO USE (See attached Description of Occurrence page.)

## POLICY INFORMATION

| COVERAGE PART OR FORMS (Insert form #s and edition dates) | GENERAL AGGREGATE | PROD/COMP OP AGG | PERS & ADV INJ | EACH OCCURRENCE | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE | PD |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | BI |

| UMBRELLA/EXCESS | UMBRELLA | EXCESS | CARRIER: | LIMITS: | AGGR | PER CLAIM/OCC | SIR/DED |
|---|---|---|---|---|---|---|---|

## TYPE OF LIABILITY

| PREMISES: INSURED IS | OWNER | TENANT | OTHER | TYPE OF PREMISES |
|---|---|---|---|---|

| OWNER'S NAME & ADDRESS (If not insured) | | | | |
|---|---|---|---|---|

| PRODUCTS: INSURED IS | MANUFACTURER | VENDOR | OTHER: | TYPE OF PRODUCT |
|---|---|---|---|---|

MANUFACTURER'S NAME & ADDRESS (If not insured)

OWNERS PHONE (A/C, No, Ext):

MANUFACT PHONE (A/C, No, Ext):

WHERE CAN PRODUCT BE SEEN?

OTHER LIABILITY INCLUDING COMPLETED OPERATIONS (Explain)

## INJURED/PROPERTY DAMAGED

| NAME & ADDRESS (Injured/Owner) | Richard Jones C/O Attny Michael D. Ponce & Associates<br>1000 Jackson Rd., Suite 225 Goodlettsville, TN 37072 | PHONE (A/C, No, Ext) 615-851-1776 |
|---|---|---|

| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS | PHONE (A/C, No, Ext) |
|---|---|---|---|---|

| DESCRIBE INJURY | see lawsuit | WHERE TAKEN | WHAT WAS INJURED DOING? |
|---|---|---|---|
| □ FATALITY | | | |

| DESCRIBE PROPERTY (Type, model, etc) | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? | WHEN CAN PROPERTY BE SEEN? |
|---|---|---|---|

## WITNESSES

| NAME & ADDRESS | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|

**REMARKS** NOTE: THE INSURED HAS REQESTED TO USE DEFENSE ATTORNEY BOB BOSTON @ Waller Lansden Dortch & Davis, LLP. Here is his contact information: (See Attached Remarks Page.)

| REPORTED BY | REPORTED TO | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER |
|---|---|---|---|
| Insured | Nicie Bailey | | |

ACORD 3 (2001/02) 1 of 4 #1691 NOTE: IMPORTANT STATE INFORMATION ON REVERSE SIDE    BDB    © ACORD CORPORATION 1986

### Applicable in Arizona

For your protection, Arizona law requires the following statement to appear on this form. Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

### Applicable in Arkansas, District of Columbia, Kentucky, Louisiana, Maine, Michigan, New Jersey, New Mexico, New York, Pennsylvania and Virginia

Any person who knowingly and with intent to defraud any insurance company or another person, files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact, material thereto, commits a fraudulent insurance act, which is a crime, subject to criminal prosecution and [NY: substantial] civil penalties. In D.C., ME, LA, and VA, insurance benefits may also be denied.

### Applicable in California

Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal and civil penalties.

### Applicable in Colorado

It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policy holder or claimant for the purpose of defrauding or attempting to defraud the policy holder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies.

### Applicable in Florida and Idaho

Any person who Knowingly and with the intent to injure, Defraud, or Deceive any Insurance Company Files a Statement of Claim Containing any False, Incomplete or Misleading information is Guilty of a Felony.*
    * In Florida - Third Degree Felony

### Applicable in Hawaii

For your protection, Hawaii law requires you to be informed that presenting a fraudulent claim for payment of a loss or benefit is a crime punishable by fines or imprisonment , or both.

### Applicable in Indiana

A person who knowingly and with intent to defraud an insurer files a statement of claim containing any false, incomplete, or misleading information commits a felony.

### Applicable in Minnesota

A person who files a claim with intent to defraud or helps commit a fraud against an insurer is guilty of a crime.

### Applicable in Nevada

Pursuant to NRS 686A.291, any person who knowingly and willfully files a statement of claim that contains any false, incomplete or misleading information concerning a material fact is guilty of a felony.

### Applicable in New Hampshire

Any person who, with purpose to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

### Applicable in Ohio

Any person who, with intent to defraud or knowing that he/she is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

### Applicable in Oklahoma

WARNING: Any person who knowingly and with intent to injure, defraud or deceive any insurer, makes any claim for the proceeds of an insurance policy containing any false, incomplete or misleading information is guilty of a felony.

## DESCRIPTION OF OCCURRENCE (Continued from page 1.)

BOB
BOSTON @ WALLER LANSDEN DORTCH & DAVIS LAW FIRM AS DEFENSE COUNSEL.

AMS 3.3 (2001/02) 3 of 4 #16914                                    BDB

## REMARKS   (Continued from page 1)

Robert E. Boston
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN  37219
Direct Dial:    (615) 850-8953
Facsimile:      (615) 244-6804
Email:  bboston@wallerlaw.com

Case 3:12-cv-00011   Document 1-1   Filed 01/05/12   Page 4 of 29 PageID #: 8



IN THE CIRCIUT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

2011 OCT 27 PM 12: 26

RICHARD R. ROOKER, CLERK

B.C.

| | | |
|---|---|---|
| RICHARD JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No.: 11C4293 |
| | ) | Jury Demand (12) |
| BELLE MEADE COUNTRY CLUB, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now the Plaintiff, Richard Jones, by and through his undersigned counsel, and for his complaint against Defendant Belle Meade Country Club, the Plaintiff states as follows:

1.     The Plaintiff, Richard Jones, (hereinafter "Plaintiff") is a resident and citizen of Nashville, Davidson County, Tennessee.

2.     The Defendant, Belle Meade Country Club, (hereinafter "Defendant") is a domestic corporation authorized to be and doing business in Nashville, Davidson County Tennessee where the allegations set forth in this complaint occurred.

3.     Jurisdiction in this matter is proper because the events giving rise to this matter took place in Davidson County, Tennessee, at the Defendant's facility located at 815 Belle Meade Blvd, Nashville, TN 37205.

4.     The Plaintiff was hired by the Defendant on or about July 7, 2009.

5.     On or about December 29, 2010, the Defendant Employer wrongfully and maliciously terminated the Plaintiff.

Copy

6. The Defendant Employer terminated the Plaintiff on December 29, 2010, for various reasons which were merely a pretext.

## COUNT I
## NATIONAL ORIGIN DISCRIMINATION

7. Allegations 1-6 are hereby incorporated herewith. The Plaintiff asserts that the Defendant discriminated against him in violation of Tenn.Code.Ann Sec. 4-21-101 et seq., based upon his national origin.

8. Beginning on or about June 1, 2010 and continuing through his termination on December 29, 2010, the Plaintiff was subjected to harassment and discrimination by the Executive Sous Chef located at the Defendant's facility located on Belle Meade Boulevard, Nashville, Tennessee. Plaintiff avers this discrimination was due to Plaintiff's national origin.

9. The Plaintiff is originally from Australia and has a very distinct accent to his speech.

10. At said dates and times, the Executive Sous Chef at the Defendant's facility on Belle Meade Boulevard, Nashville, Tennessee made numerous comments such as "f..king Australian", "Fosters-swilling Aussie bastard" and "damn Aussie".

11. On numerous occasions the Executive Sous Chef made comments regarding Australia and its people being unrefined, undeveloped and that it is a backwards nation.

12. On one occasion, the Plaintiff accidentally cut himself with a knife the Executive Sous chef responded with "Don't get that f..king Australian blood anywhere near this kitchen!"

**Copy**

13.     The Plaintiff avers that he was not treated the same as other similarly situated American co-workers.

14.     On or about December 29, 2010, the Plaintiff was informed that his employment was being terminated for "budget reasons".

15.     The Plaintiff asserts that he was treated poorly and received disparate treatment as compared to foreign employees who were similarly situated.

16.     The Plaintiff asserts that the Defendant violated Tenn.Code.Ann § 4-21-401, et. seq. and wrongfully discriminated against the Plaintiff on the basis of his national origin.

17.     The Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, discrimination and termination and the Plaintiff's national origin.

18.     On or about December 29, 2010, the Plaintiff was informed by the Defendant's employees, agents and/or representatives that the reason for his termination was budget reasons.

19.     On or about January 21, 2011, the Plaintiff met with the Defendant Employer to further discuss his termination and was informed that the reason for his termination was performance needing improvement.

20.     The Plaintiff would aver that the Defendant's reasons for his termination was pre-textual and that further, the Plaintiff was terminated due to his national origin.

21.     At all relevant dates and times as set forth herein, it is averred that:

    (a)     the Plaintiff was subjected to harassment and discriminatory conduct based on his national origin;

(b)     such conduct of the Defendant Employer was unwelcome;

(c)     such conduct of the Defendant was based on Plaintiff's national origin;

(d)     the Defendant's conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

(e)     at the time such conduct occurred and as a result of such conduct, the Plaintiff believed his work environment to be hostile or abusive;

(f)     Defendant knew or should have known of the harassment and discrimination;

(g)     Defendant failed to take prompt and appropriate corrective action to end the harassment and discrimination;

(h)     the Plaintiff's national origin was a motivating factor in the Defendant's decision to terminate the Plaintiff;

(i)     the offensive behavior of the Defendant was sufficiently severe and/or pervasive as to alter the conditions of the Plaintiff's employment and create an abusive working environment; and

(j)     the discrimination from the Defendant was severe and pervasive as to create a hostile work environment which affect the terms, conditions and/or privileges of the Plaintiff's employment with the Defendant.



## COUNT II
## NEGLIGENT HIRING, RETENTION AND SUPERVISON PRACTICES

22.     Allegations 1-6 are hereby incorporated herewith. In the alternative the Plaintiff asserts that the Defendant is guilty of negligent hiring, retention and supervision practices.

23.     At all relevant dates and times as set forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of the Defendant's employees, agents and representatives because: (a) the Defendant Employer did not exercise reasonable care to promptly correct and prevent the discriminating behavior; (b) the Defendant did not properly train the Plaintiff's supervisor, the Executive Sous Chef, regarding the Defendant Employer's policies towards a workplace free of discrimination; and (c) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report discrimination occurring within the Defendant's workplace. The Defendant had a duty to supervise its employees and agents.

24.     At the Defendant's Belle Meade Boulevard, Nashville, Tennessee location, there was a breach of the Defendant's duty to supervise its employees and agents. Among other employees, the person who the Defendant hired for the supervisor position participated in the national origin discrimination and retaliatory practices. The Defendant negligently hired and appointed supervisors and managers who created a hostile and discriminatory environment in the Plaintiff's place of employment.

25.     The Defendant further failed to properly train and supervise its employees on preventing and avoiding discrimination and retaliatory practices.

Copy

26.     The Defendant further failed to supervise its supervisors, management and non-management staff and employees to prevent, discover or correct discriminatory practices that were taking place.

27.     The Plaintiff sustained an injury as a result of the Defendant's negligent hiring, retention and supervision practices while he was under the supervision of the Executive Sous Chef.

28.     There is a proximate causal relationship between the Defendant's failure to supervise its employees and the injury sustained by the Plaintiff.

29.     The Defendant has a duty to engage in reasonable care in the hiring, retention and supervision of its employees. The Plaintiff submits that the Defendant either had knowledge of the supervisor's unfitness for the supervisory position or should have had knowledge of the supervisor's unfitness for a management position. The supervisor consistently rendered preferential treatment to American employees and was completely insensitive, improper and discriminatory with respect to the treatment of other origins including Australian employees like the Plaintiff. Reasonable care, due diligence and proper management should have revealed the unfitness of the supervisor at the Belle Meade Boulevard, Nashville, Tennessee facility.

## APPLICABLE TO ALL COUNTS

30.     Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of the Tennessee Human Rights Act and negligence.

31.     Plaintiff will continue to suffer direct pecuniary losses as a result of the Defendant's culpable acts or omissions as set forth herein, the Defendant's violations of the Tennessee Human Rights Act and negligence.

Copy

32. Plaintiff seeks a judgment for back pay plus interest thereon, the value of lost employment benefits through the date of trial plus interest thereon, front pay, expert witness fees, attorney's fees, other litigation expenses and court costs.

33. Plaintiff was discharged by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damage, attorney's fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary losses.

34. Plaintiff further submits that the Defendant has acted: (a) intentionally, (b) maliciously, or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to punitive damages to punish the wrongful discrimination and/or retaliation and to deter future similar conduct.

35. As a result of the national origin discrimination and wrongful termination, the Plaintiff has suffered embarrassment and humiliation, emotional distress, incidental expenses, lost wages and loss of earning capacity.

36. As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly discriminated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other nonpecuniary losses, and for punitive damages.

**WHEREFORE PLAINTIFF PRAYS:**

a) that service of process be issued to the Defendant as set forth herein;

b) that a jury of twelve (12) be empanels to try this action;

Copy

    c)     the Plaintiff be awarded compensatory damages in the amount of $150,000.00 or an amount to be determined by a jury;

    d)     the Plaintiff be awarded punitive damages in the amount of $150,000.00 or an amount to be determined by a jury;

    e)     that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

    (f)     that the Court award the Plaintiff such other further, general and different relief to which he may be entitled and punitive damages;

    (g)     that the costs of this action be taxed against the Defendant for which execution may issue; and

    (h)     for general relief.

Respectfully submitted,

Nina Parsley, BPR #23818
Michael D. Ponce & Associates
Attorney for Plaintiff
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
Telephone: (615) 851-1776

CIRCUIT COURT SUMMONS

## STATE OF TENNESSEE
## DAVIDSON COUNTY
20TH JUDICIAL DISTRICT

NASHVILLE, TENNESSEE

⊠ First
☐ Alias                     FILED
☐ Pluries        2011 DEC 27  AM 10: 03

RICHARD R. ROOKER. CLERK

RICHARD JONES

_____

_____

Plaintiff

CIVIL ACTION
DOCKET NO. 11C4293         D.C.

**Method of Service:**

☐ Davidson County Sheriff

☐ Out of County Sheriff

☐ Secretary of State

☐ Certified Mail

⊠ Personal Service

☐ Commissioner of Insurance

Vs.

BELLE MEADE COUNTRY CLUB
_____

Serve through Mary Dohner Smith
Constancy, Brooks & Smith LLP
SunTrust Plaza
401 Commerce Street, Suite 700
Nashville Tennessee 37219
Defendant

DI W/AC, e

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: December 27, 2011

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
                    Deputy Clerk

| ATTORNEY FOR PLAINTIFF<br>or<br>PLAINTIFF'S ADDRESS | Michael Ponce and Associates |
|---|---|
| | 1000 Jackson Road, Ste. 225 |
| | Address<br>Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

♿ **If you have a disability and require assistance, please contact 862-5204.**

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____

_____ in the following manner:

☐ failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket

_____ to the defendant, _____ . On the _____ day of

_____ 20 _____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20 _____ . Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____ .     _____
                                                  PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
                                                  AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE
TO THE DEFENDANT(S):
    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest
personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you
must file a written list, under oath, of the items you wish to claim as exempt with the clerk of
the court. The list may be filed at any time and may be changed by you thereafter as necessary;
however, unless it is filed before the judgment becomes final, it will not be effective as to any
execution or garnishment issued prior to the filing of the list. Certain items are automatically
exempt by law and do not need to be listed; these include items of necessary wearing apparel
(clothing) for yourself and your family and trunks or other receptacles necessary to contain such
apparel, family portraits, the family Bible, and school books. Should any of these items be seized,
you would have the right to recover them. If you do not understand your exemption right or how
to exercise it, you may wish to seek the counsel of a lawyer.

                                                ATTACH

                                                RETURN

                                                RECEIPT

                                                HERE

                                                (IF APPLICABLE)

STATE OF TENNESSEE         I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid,
COUNTY OF DAVIDSON     do hereby certify this to be a true and correct copy of the original summons issued
                          in this case.

(To be completed only if          RICHARD R. ROOKER, CLERK
copy certification required.)

                          By: _____ D.C.

## STATE OF TENNESSEE
## DAVIDSON COUNTY
### 20TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

RICHARD JONES

Plaintiff

**Vs.**

BELLE MEADE COUNTRY CLUB

Serve through Mary Dohner Smith
Constangy, Brooks & Smith LLP
SunTrust Plaza
401 Commerce Street, Suite 700
Nashville Tennessee 37219
Defendant

CIVIL ACTION
DOCKET NO. 11C4293

**Method of Service:**

☐ Davidson County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☒ Personal Service
☐ Commissioner of Insurance

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: December 27, 2011

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Michael Ponce and Associates |
|---|---|
| | 1000 Jackson Road, Ste. 225 |
| | Address Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

If you have a disability and require assistance, please contact 862-5204.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

|_____| served this summons and complaint/petition on _____

_____ in the following manner:

|_____| failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by

registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket

_____ to the defendant, _____ . On the _____ day of

_____ 20_____ , I received the return receipt for said registered or certified mail, which had been signed

by _____ on the _____ day of _____, 20_____ . Said return

receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.


SWORN TO AND SUBSCRIBED BEFORE ME ON THIS      _____
_____ DAY OF _____, 20_____.       PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
                                                                          AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

     Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH

RETURN

RECEIPT

HERE

(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

(To be completed only if
copy certification required.)

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

     RICHARD R. ROOKER, CLERK

By: _____ D.C.



## IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
## AT NASHVILLE

RICHARD JONES,                        )
                                      )
    Plaintiff,               )
                                      )
v.                                    )     Docket No.:11C4293
                                      )     Jury Demand (12)
BELLE MEADE COUNTRY CLUB,             )
                                      )
    Defendant.               )

### AMENDED COMPLAINT

    Comes now the Plaintiff, Richard Jones, by and through his undersigned counsel, and for his complaint against Defendant Belle Meade Country Club, the Plaintiff states as follows:

    1.    The Plaintiff, Richard Jones, (hereinafter "Plaintiff") is a resident and citizen of Nashville, Davidson County, Tennessee.

    2.    The Defendant, Belle Meade Country Club, (hereinafter "Defendant") is a domestic corporation authorized to be and doing business in Nashville, Davidson County Tennessee where the allegations set forth in this complaint occurred.

    3.    Jurisdiction in this matter is proper because the events giving rise to this matter took place in Davidson County, Tennessee, at the Defendant's facility located at 815 Belle Meade Blvd, Nashville, TN 37205.

    4.    The Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission in a timely manner and was issued a Right to Sue letter on December 1, 2011, which is attached a Exhibit 1 to this Amended Complaint. Therefore the Plaintiff has exhausted his administrative remedies.

5.  The Plaintiff was hired by the Defendant on or about July 7, 2009.

6.  On or about December 29, 2010, the Defendant Employer wrongfully and maliciously terminated the Plaintiff.

7.  The Defendant Employer terminated the Plaintiff on December 29, 2010, for various reasons which were merely a pretext.

## COUNT I
### NATIONAL ORIGIN DISCRIMINATION UNDER
### TITLE VII AND THE TENNESSEE HUMAN RIGHTS ACT

8.  Allegations 1-7 are hereby incorporated herewith. The Plaintiff asserts that the Defendant discriminated against him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e-5 and the Tennessee Human Right Act pursuant to Tenn.Code.Ann Sec. 4-21-101 et seq.; Tenn.Code.Ann Sec 4-21-301, et seq., based upon his national origin.

9.  Beginning on or about June 1, 2010 and continuing through his termination on December 29, 2010, the Plaintiff was subjected to harassment and discrimination by the Executive Sous Chef located at the Defendant's facility located on Belle Meade Boulevard, Nashville, Tennessee. Plaintiff avers this discrimination was due to Plaintiff's national origin.

10. The Plaintiff is a chef of Australian origin and alienage.

11. Plaintiff has a very distinct accent to his speech.

12. At said dates and times, the Executive Sous Chef at the Defendant's facility on Belle Meade Boulevard, Nashville, Tennessee made numerous comments such as "f..king Australian", "Fosters-swilling Aussie bastard" and "damn Aussie".

13.     On numerous occasions the Executive Sous Chef made comments regarding Australia and its people being unrefined, undeveloped and that it is a backwards nation.

14.     On one occasion, the Plaintiff accidentally cut himself with a knife the Executive Sous chef responded with "Don't get that f..king Australian blood anywhere near this kitchen!"

15.     The Plaintiff avers that he was not treated the same as other similarly situated American co-workers.

16.     On or about December 29, 2010, the Plaintiff was informed that his employment was being terminated for "budget reasons".

17.     The Plaintiff asserts that he was treated poorly and received disparate treatment as compared to foreign employees who were similarly situated.

18.     The Plaintiff asserts that the Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Tennessee Human Rights Act pursuant to Tenn.Code.Ann § 4-21-101, et. seq.; Tenn.Code.Ann § 4-21-301, et. seq. and wrongfully discriminated against the Plaintiff on the basis of his national origin.

19.     The Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, discrimination and termination and the Plaintiff's national origin.

20.     On or about December 29, 2010, the Plaintiff was informed by the Defendant's employees, agents and/or representatives that the reason for his termination was budget reasons.

21.     On or about January 21, 2011, the Plaintiff met with the Defendant Employer to further discuss his termination and was informed that the reason for his termination was performance needing improvement.

22.     The Plaintiff would aver that the Defendant's reasons for his termination was pre-textual and that further, the Plaintiff was terminated due to his national origin.

23.     At all relevant dates and times as set forth herein, it is averred that:

(a)     the Plaintiff was subjected to harassment and discriminatory conduct based on his national origin;

(b)     such conduct of the Defendant Employer was unwelcome;

(c)     such conduct of the Defendant was based on Plaintiff's national origin;

(d)     the Defendant's conduct was sufficiently severe and/or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive;

(e)     at the time such conduct occurred and as a result of such conduct, the Plaintiff believed his work environment to be hostile or abusive;

(f)     Defendant knew or should have known of the harassment and discrimination;

(g)     Defendant failed to take prompt and appropriate corrective action to end the harassment and discrimination;

(h)     the Plaintiff's national origin was a motivating factor in the Defendant's decision to terminate the Plaintiff;

(i)     the offensive behavior of the Defendant was sufficiently severe and/or pervasive as to alter the conditions of the Plaintiff's employment and create an abusive working environment; and

(j)     the discrimination from the Defendant was severe and pervasive as to create a hostile work environment which affect the terms, conditions and/or privileges of the Plaintiff's employment with the Defendant.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

24.     Allegations 1-23 are hereby incorporated herewith. The Plaintiff further asserts that the Defendant discriminated against him in violation of 42 U.S.C. § 1981, based upon his alienage, ancestry, and race.

25.     Beginning on or about June 1, 2010 and continuing through his termination on December 29, 2010, the Plaintiff was subjected to harassment and discrimination by the Executive Sous Chef located at the Defendant's facility located on Belle Meade Boulevard, Nashville, Tennessee. Plaintiff avers this discrimination was due to Plaintiff's alienage, ancestry, and race.

26.     The Plaintiff is originally from Australia and is a resident alien.

27.     Plaintiff has a very distinct accent to his speech.

28.     The Executive Sous Chef Plaintiff worked under is an American Caucasian male.

29.     At said dates and times, the Executive Sous Chef at the Defendant's facility on Belle Meade Boulevard, Nashville, Tennessee made numerous comments such as "f..king Australian", "Fosters-swilling Aussie bastard" and "damn Aussie," and emphasized Plaintiff's lack of citizenship and ethnic or foreign characteristics.

30.    On numerous occasions the Executive Sous Chef made comments regarding Australia and its characteristics, such as its people being unrefined, undeveloped and that it is a backwards nation.

31.    The Plaintiff avers that he was not treated the same as other similarly situated American co-workers.

32.    On or about December 29, 2010, the Plaintiff was informed that his employment was being terminated for "budget reasons".

33.    However, on or about January 21, 2011, the Plaintiff met with the Defendant Employer to further discuss his termination and was informed that the reason for his termination was performance needing improvement as determined by the Executive Sous Chef.

34.    The Plaintiff asserts that he was treated poorly and received disparate treatment as compared to American employees who were similarly situated.

35.    The Plaintiff asserts that the Defendant violated 42 U.S.C. § 1981, and wrongfully terminated the Plaintiff based upon his alienage, ancestry, and/or race.

36.    The Plaintiff asserts that there is a causal connection between the Defendant's poor treatment, disparate treatment, discrimination and termination and the Plaintiff's alienage, ancestry and/or ethnicity and race.

37.    The Plaintiff would aver that the Defendant's reasons for his termination were pre-textual and that further, the Plaintiff was terminated due to the Executive Sous Chef's purposeful derogatory treatment of Plaintiff based his alienage, ancestry, race, and/or national origin.

38.     The Plaintiff performed according to expectations and to the same level as his American citizen co-workers.  The criticisms offered of the Plaintiff were not based upon merit but rather his alienage, ancestry, race and national origin.

39.     At all relevant dates and times as set forth herein, it is averred that:

(a)     The Plaintiff is a member of a protected class, being of Australian origin, ancestry, ethnicity and citizenship, who is in the United States as a resident alien;

(b)     The Defendant intended to discriminate against the Plaintiff on the basis of his alienage, ancestry, and ethnicity;

(c)     The discrimination interfered with the Plaintiff's right to make and enforce contracts;

(d)     Defendant terminated the Plaintiff; and

(e)     The Plaintiff's alienage, ancestry or race was a motivating factor in the Defendant's decision to terminate the Plaintiff.

40.     Plaintiff submits the Defendant's employees and agents engaged in intentional discrimination and acted with malice or reckless indifference to the Plaintiff's federally protected rights.  Plaintiff contends that the Executive Sous Chef, his supervisor, engaged in verbally abusive and harassing behavior until he was able to get Plaintiff terminated based upon intentionally false statements about Plaintiff's performance.

## COUNT III
## NEGLIGENT HIRING, RETENTION AND SUPERVISON PRACTICES

41.     Allegations 1-23 are hereby incorporated herewith. In the alternative the Plaintiff asserts that the Defendant is guilty of negligent hiring, retention and supervision practices.

42.     At all relevant dates and times as set forth herein, the Defendant was vicariously liable for the actions and inappropriate conduct of the Defendant's employees, agents and representatives because: (a) the Defendant Employer did not exercise reasonable care to promptly correct and prevent the discriminating behavior; (b) the Defendant did not properly train the Plaintiff's supervisor, the Executive Sous Chef, regarding the Defendant Employer's policies towards a workplace free of discrimination; and (c) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report discrimination occurring within the Defendant's workplace. The Defendant had a duty to supervise its employees and agents.

43.     At the Defendant's Belle Meade Boulevard, Nashville, Tennessee location, there was a breach of the Defendant's duty to supervise its employees and agents. Among other employees, the person who the Defendant hired for the supervisor position participated in the national origin discrimination and retaliatory practices. The Defendant negligently hired and appointed supervisors and managers who created a hostile and discriminatory environment in the Plaintiff's place of employment.

44.     The Defendant further failed to properly train and supervise its employees on preventing and avoiding discrimination and retaliatory practices.

45.     The Defendant further failed to supervise its supervisors, management and non-management staff and employees to prevent, discover or correct discriminatory practices that were taking place.

46.     The Plaintiff sustained an injury as a result of the Defendant's negligent hiring, retention and supervision practices while he was under the supervision of the Executive Sous Chef.

47.     There is a proximate causal relationship between the Defendant's failure to supervise its employees and the injury sustained by the Plaintiff.

48.     The Defendant has a duty to engage in reasonable care in the hiring, retention and supervision of its employees. The Plaintiff submits that the Defendant either had knowledge of the supervisor's unfitness for the supervisory position or should have had knowledge of the supervisor's unfitness for a management position. The supervisor consistently rendered preferential treatment to American employees and was completely insensitive, improper and discriminatory with respect to the treatment of other origins including Australian employees like the Plaintiff. Reasonable care, due diligence and proper management should have revealed the unfitness of the supervisor at the Belle Meade Boulevard, Nashville, Tennessee facility.

## APPLICABLE TO ALL COUNTS

49.     Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Tennessee Human Rights Act pursuant to Tenn.Code.Ann § 4-21-101, et. seq.; Tenn.Code.Ann § 4-21-301, et. seq. and 42 U.S.C. § 1981 and negligence.

50.     Plaintiff will continue to suffer direct pecuniary losses as a result of the Defendant's culpable acts or omissions as set forth herein, the Defendant's violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Tennessee Human Rights Act pursuant to Tenn.Code.Ann § 4-21-101, et. seq.; Tenn.Code.Ann § 4-21-301, et. seq and 42 U.S.C. § 1981 and negligence.

51.     Plaintiff seeks a judgment for back pay plus interest thereon, the value of lost employment benefits through the date of trial plus interest thereon, front pay, expert witness fees, attorney's fees, other litigation expenses and court costs.

52.     Plaintiff was discharged by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damage, attorney's fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary losses.

53.     Plaintiff further submits that the Defendant has acted: (a) intentionally, (b) maliciously, or (c) recklessly in terminating the Plaintiff and that the Plaintiff is entitled to punitive damages to punish the wrongful discrimination and/or retaliation and to deter future similar conduct.

54.     As a result of the discrimination and wrongful termination, the Plaintiff has suffered embarrassment and humiliation, emotional distress, incidental expenses, lost wages and loss of earning capacity.

55.     As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiff was improperly discriminated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits,

incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other nonpecuniary losses, and for punitive damages.

**WHEREFORE PLAINTIFF PRAYS:**

a) that service of process be issued to the Defendant as set forth herein;

b) that a jury of twelve (12) be empanels to try this action;

c) the Plaintiff be awarded compensatory damages in the amount of $150,000.00 or an amount to be determined by a jury;

d) the Plaintiff be awarded punitive damages in the amount of $150,000.00 or an amount to be determined by a jury;

e) that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

(f) that the Court award the Plaintiff such other further, general and different relief to which he may be entitled and punitive damages;

(g) that the costs of this action be taxed against the Defendant for which execution may issue; and

(h) for general relief.

Respectfully submitted,

Nina Parsley, BPR #23818
Michael D. Ponce & Associates
Attorney for Plaintiff
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
Telephone: (615) 851-1776

# EXHIBIT 1

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: Richard M. Jones<br>4112 B Nebraska Avenue<br>Nashville, TN 37209 | From: Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|---|---|

*FILED*

*2011 DEC 27 AM 10: 04*

*RICHARD R. ROOKER, CLERK*

*D.C.*

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2011-00974 | Marlene W. Dameron,<br>Investigator | (615) 736-7259 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

- [X] More than 180 days have passed since the filing of this charge.

- [ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

- [X] The EEOC is terminating its processing of this charge.

- [ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

- [ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

- [ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Sarah L. Smith,
Area Office Director

DEC 1 – 2011

*(Date Mailed)*

Enclosures(s)

cc:
Mary Dohner-Smith
Costangy, Brooks & Smith
401 Commerce Street, Suite 700
SunTrust Plaza
Nashville, TN 37219

Nina H. Parsley
Michael D. Ponce & Associates, PLLC
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072